### In re HEARING CENTERS OF AMERICA, INC., a Delaware corporation, Debtor.

### In re EARLAB HEARING CENTERS OF AMERICA, INC., a Florida corporation, Debtor.

Bankruptcy Nos. 88–2343–8P1, 88–2344–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 14, 1989.

See also, Bkrtcy., 106 B.R. 719.

Donald Schutz, St. Petersburg, Fla., for debtor.

Guillermo A. Ruiz, St. Petersburg, Fla., for David Lyons.

## ORDER ON OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THESE are confirmed Chapter 11 cases and the matter under consideration is an Objection filed by Hearing Centers of America, Inc. (Debtor), to the claim of David Lyons (Lyons). The claim under challenge is filed in the amount of $750,-308.16 as an unsecured claim and is composed of the following items: (1) claim for breach of an employment contract by the Debtor; (2) claim for unreimbursed expenses in the amount of $6,394.78; (3) claim based on a promissory note executed by the Debtor in favor of Lyons in the amount of $35,893.73; and, (4) claim of $399,478.00 based on a Bonus Agreement which Lyons contends entitled him to have this amount allowed as part of his overall claim. While the Debtor concedes that the claims based on the promissory note and the unreimbursed expenses are proper and should be allowed, it vigorously objects to the allowance of the claim based on a Bonus Agreement and it also objects to the amount of the damage claim based on a breach of employment contract.

Although the original claim based on a breach of employment contract was originally filed in a much greater amount, it is now conceded by the claimant that this claim is subject to the limitations placed on such claims by the Statute. Section 502(b)(7) states that such claims cannot be greater than the amount provided for by the contract for one year following the earlier of the date of filing of the petition, or that the date on which the employer terminated the employment. In addition to this limitation, the Debtor also takes the position that Lyons voluntarily resigned on June 7, 1988, and, therefore, the only entitled compensation for the salary actually earned is $50,000.00. The biggest bone of contention between the parties, however, is the entitlement of Lyons to compensation to be paid pursuant to a Bonus Agreement entered into between the parties on November 30, 1986. According to the Debtor, Lyons is not entitled to any compensation based on this Agreement.

The facts as established at the final evidentiary hearing which are relevant to the remaining issues can be briefly summarized as follows:

Hearing Centers of America, Inc., the Debtor, entered into an agreement to acquire the outstanding stock of the following entities which were controlled by David Lyons and Anthony L. Andreozzi:

Bay Area Hearing Aid Service, Inc.

Ear Lab Hearing Centers of America, Inc.

Gulf View Square Mall Hearing Aid Center, Inc.

Lyons & Andreozzi Enterprises, Inc.

Paddock Mall Hearing Aid Center, Inc.

Sounds of the World Hearing Aids, Inc.

As part of this transaction, the Debtor entered into an Employment Agreement (Agreement) (Debtor's Exh. No. 1—Tab 5) with David F. Lyons which provided for a term of three years commencing December 1, 1986, and ending November 30, 1989. Paragraph 2.2 of the Agreement provides that Lyons agreed to devote his full time, attention and skill to the performance of his duties as chairman of Hearing Centers of America, Inc. (HCAI). Paragraph 3.1 of the Agreement provides an annual salary of $100,000.00 payable monthly in advance in twelve equal monthly installments. Section 3 of the Agreement which deals with compensation also provides for reimbursement of automobile expenses. Paragraph 3.2 of the Agreement calls for some fringe benefits. Paragraph 3.3 of the Agreement allows for reimbursement and travel and entertainment expenses. The Agreement does not deal with any bonus arrangement and makes no reference to any Bonus Agreement. At the same time, the corporations being acquired also entered into six separate Bonus Agreements (Debtor's Exhibit No. 1—Tab 15) which provided, inter alia:

(a) On or before December 31, 1986, the Employer's independent accounting firm (the "Accountant") shall prepare a Bonus Pool Determination Report showing as of the Bonus Date the amount of the Cash Assets plus Bonus Receivables (without deduction for doubtful accounts) and the Bonus Date Obligations then fixed and determinable. The amount shown thereof as the net excess, if any, of the Cash Assets plus the Bonus Receivables less the Bonus Date Obligations shall be the maximum amount of the Bonus Pool.

(b) The amount of the Bonus Pool available for payment shall be determined by the Accountant within 10 days after the end of each month, commencing with De-

cember 31, 1986, and thereafter through August 31, 1987, and shall be the amount by which the Realized Liquid Assets as of the end of such month exceed (x) the Bonus Date Obligations plus (y) amounts previously paid out of the Bonus Pool.

■ There is no question that the Debtor did not employ an independent accounting firm and that no Bonus Pool Determination Report was ever prepared. While the Debtor retained the services of the accounting firm of Grossman, Weinberg & Associates, P.A., of Boca Raton, its report which was marked for identification clearly was not intended to be and was not the Bonus Pool Determination Report. It is conceded by the Debtor that Lyons did not receive any payment pursuant to his Bonus Pool Agreement. On June 7, 1988, Lyons tendered his resignation by letter addressed to the members of the Debtor (Defendant's Exh. No. 4). It is equally without dispute, however, that he was actively locked out of his office earlier on February 22, 1988, and no longer devoted his full time to the affairs of the Debtor.

Concerning first Lyons' entitlement to damages resulting from the breach of employment contract, this Court is satisfied that the Debtor, in fact, breached the contract by locking him out. Even though Lyons sent a letter of resignation in June, this is really without any significance. For this reason, this Court is satisfied that he should be entitled to have a claim allowed in the amount of $100,000.00 for damages based on the breach of employment contract.

■ This leaves for consideration Lyons' entitlement to payment under the Bonus Agreement. The only evidence in this record on this point which is believable and competent is the testimony of the certified public accountant who testified on behalf of the Debtor. As noted earlier, the Debtor concedes that the claim of Lyons based on the promissory note and his claim for reimbursement of expenses are proper thus these items shall be allowed in the amount claimed. After having reviewed all the documentation relevant to the issues, he stated that no Bonus Pool Determination

**1012**

Report was ever prepared. In addition, according to the testimony of the certified public accountant he determined from the records available that the reconciliation of the liquid assets against the liabilities presented a negative picture and that, rather than indicating an entitlement to a bonus award under the Agreement to Lyons, it indicated that Lyons is, in fact, indebted to the corporations.

Based on the foregoing, this Court is satisfied that Lyons is not entitled to any Bonus Agreement. In light of the foregoing, it is unnecessary to consider whether or not the Bonus Agreement is part of the Employment Contract, thus, subject to the limitations placed on the claim for damages for breach by § 502(b)(7) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection of the Hearing Centers of America, Inc., to the claim of Lyons be, and the same is hereby, sustained in part and overruled in part, and the claim of Lyons shall be allowed as an unsecured claim in the total amount of $142,288.51.

DONE AND ORDERED.